# United States Court of Appeals
## For the First Circuit

No. 12-2200

UNITED STATES OF AMERICA,

Appellee,

v.

RAYMAR LUCENA-RIVERA,

Defendant, Appellant.

Before

Howard, Selya, and Lipez, <u>Circuit Judges</u>.

**JUDGMENT**
**Entered:  July 15, 2014**

In a decision filed on April 24, 2014, we denied all but one of the appellant's arguments.  On one issue related to the application of a sentencing enhancement for being "in the business of laundering funds," we retained jurisdiction while directing the district court to elect to either (a) vacate the sentence and conduct a new sentencing hearing to resentence Lucena-Rivera without the application of the enhancement, or (b) reaffirm the sentence previously imposed, filing with the clerk of the district court written findings, based upon the existing record and consistent with our opinion, as to the application of the enhancement.  The district court chose the latter option and, on May 8, 2014, filed written findings in support of the sentence originally imposed.  Having reviewed those findings, we conclude the following:

1.      The court correctly identified the six, non-exhaustive factors relevant to its determination as:
whether the defendant:  (1) regularly engaged in laundering funds; (2) laundered funds for an extended period of time; (3) laundered funds from multiple sources; (4) generated a substantial amount of revenue in return for laundering funds; (5) had a prior conviction for a money laundering related offense; or (6) made statements during the course of an undercover government investigation that he had engaged in any of the conduct listed in factors (1), (2), (3), or (4).
2.      The court made specific findings as to the first, second, fourth, and sixth factors,

concluding that all of those factors weighed against Lucena-Rivera. Specifically, the court found that Lucena-Rivera was engaged in a "sophisticated money laundering scheme" that operated for a number of years using multiple businesses owned by Lucena-Rivera as cover, including "a trucking firm, restaurant, gravel pit, and glass factory" (Factors (1) and (2)); his money-laundering enterprise generated significant revenue, citing the money involved in certain transactions (e.g., $1.175 million used to purchase a yacht) (Factor (4)); and that Lucena-Rivera indicated to the DEA confidential informant that he had been operating his illegal business enterprise for two years (Factor (6)).

3.      The court's findings were not clearly erroneous. Hence, the court was entitled to apply the enhancement.

The sentencing decision of the district court is affirmed.

It is so ordered.

By the Court:

/s/ Margaret Carter, Clerk

cc:
Michael Covington Bagge
Peter Diaz-Santiago
Maria A. Dominguez-Victoriano
Ignacio Fernandez-De-Lahongrais
Kimberly Homan
Francisco Rebollo-Casalduc
Juan Carlos Reyes-Ramos
Sonia Ivette Torres-Pabon
Martin G. Weinberg
Carlos R. Cardona Torres
Nelson Jose Perez-Sosa
Raymar Lucena-Rivera